BENNETT V. STATE 






NO. 10-89-148-CR
NO. 10-89-149-CR
NO. 10-89-150-CR


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          LAWRENCE HENRY BENNETT,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From the 185th Judicial District Court
Harris County, Texas
Trial Court #'s 511280, 511176 & 511177

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted for three felony offenses of robbery, each enhanced with one prior
felony conviction. He was sentenced to thirty years in prison for each offense. We will affirm.
          In Appellant's sole point of error he alleges that the prosecutor committed fundamental
error when she struck at the Appellant over the shoulders of his counsel during her argument to
the jury. The comments by the Prosecutor which Appellant complains of are as follows:
[PROSECUTOR]: May it please the Court. Folks, that was an argument
of desperation. He has nothing to attack. You can't attack the identification. He
has nothing to attack. You can't attack the identification of witnesses. So, what
does he do?
He says, "A, They're white-washing for the police. The police bring them
somebody and say, `Yeah, that was him.'"
You know that didn't happen. He doesn't get very far with that.
Then what does he do? He attacks me -- me. He puts the victims on trial and then
puts me on trial for not bringing you everyone on H.P.D., whoever handled this man on
the 20th day of September of 1988. I'm not going to do that. It's ridiculous. It's a waste
of your time, and I'm not going to do it.
At trial Appellant failed to object to the comments by the Prosecutor which he now finds
objectionable. Unless the comments by the Prosecutor are so prejudicial that no instruction could
cure the harm, then the failure of Appellant to timely object waives any error. See Green v. State,
682 S.W.2d 271, 295 (Tex. Crim. App. 1984). We find beyond a reasonable doubt that, if error,
any prejudice caused by the comments of the Prosecutor could have been cured by instructions
from the court to disregard. See Tex. R. App. P. 81(b)(2). The judgment of the trial court is
affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings and 
          Justice Vance
Affirmed
Opinion delivered and filed May 9, 1991
Do not publish